FRANK YOUNG v. WILLIE OPAL SMITHSON, EXECUTRIX

5-4123                                          412 S. W. 2d 278

Opinion delivered March 13, 1967

Ralph E. Wilson, for appellant.

William V. Alexander of Swift & Alexander, for appellee.

Conley Byrd, Justice. Appellant Frank Young prosecutes this appeal from a wrongful death judgment in the amount of $5,507 in favor of appellee, Willie Opal Smithson, surviving widow and executrix of the estate of John Willis Smithson. For reversal, appellant contends that the lower court, at the close of plaintiff's testimony, should have directed a verdict in appellant's favor because plaintiff failed to prove either that appellant was negligent or that appellant's action was the proximate cause of the death of John Willis Smithson.

The facts show that on October 30, 1965, appellant had been raccoon hunting in the company of James Elrod, Elrod's small son and Tony Ashley Jr., on Towhead Island 35 in the state of Tennessee. Some time before midnight, James Elrod had driven his small son home and was returning to coon hunt with appellant and Tony Ashley Jr., when he came upon two sets of headlights in the road in front of appellant's brother's house. Appellant's pickup truck was parked behind deceased's Nash automobile and at the time deceased was lying along the left side of his automobile with his feet toward the front and his head toward the rear. The left front door of the automobile was over deceased's legs. Appellant told Elrod that they had had an accident and the gun had gone off. He did not say how it had been fired. He said the man had jumped out on him and had scuffled and the gun had gone off.

The testimony showed that deceased had been shot in the back with appellant's double-barreled, 12-gauge

shotgun immediately below the right shoulder blade near the right side of the body. Leroy Meadows, a deputy sheriff of Mississippi County, testified that the deceased's clothing did not appear to be disarrayed and that the footprints observed around the body and the car were just normal footprints and did not indicate a struggle. After qualifying as an expert on shotguns, witness Meadows testified that appellant's shotgun was a double-barreled, 12-gauge; that the safety appeared to be working; and that it required the use of a thumb and two fingers to discharge both barrels of the shotgun. After inspecting the clothing worn by deceased at the time of the accident, witness Meadows testified that, because of the lack of powder burns on the clothing and because of the size of the wound caused by the pellets, the shotgun could not have been nearer than two feet or more than six feet from deceased at the time it was fired.

Sheriff Newton Wright, of Tipton County, Tennessee, testified that appellant had admitted that the 12-gauge shotgun was the gun that had killed John Willis Smithson, and that appellant had told him he had been coon hunting and had driven back to his brother's house, where a car was parked on the road; that when appellant had investigated to see what deceased was doing there, deceased had grabbed the gun, they had scuffled and the gun had fired.

Plaintiff showed that Tony Ashley, Jr., had avoided service of the subpoena on him to testify at the trial.

At the close of plaintiff's testimony, appellant, without having taken the witness stand in his behalf, moved for a directed verdict in his favor, which was overruled. Thereupon appellant elected to present no testimony and the matter was submitted to the jury upon instructions which were not here questioned.

We affirm the judgment of the lower court. There appears to be ample testimony to show the negligence of

appellant and that the negligence was the proximate cause of Smithson's death. In the first place, no explanation is given as to why the safety was not on the shotgun at the time appellant approached deceased's automobile, nor is any explanation given to show how a person can be shot in the back with a double-barreled, 12-gauge shotgun during a scuffle. In the next place, it is possible the jury could have found that the physical facts surrounding the scene of the accident belied appellant's explanation of the scuffle.

Affirmed.